```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | MDL DOCKET NO. 875 |
| LIABILITY LITIGATION (No. VI) | : | |
| | : | |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO | : | |
| ALL ACTIONS | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                DECEMBER 18, 2008

      MDL no. 875 involves issues relating to personal injuries allegedly caused by asbestos products. It currently consists of about 59,000 cases and 3.5 million claims consolidated for pretrial proceedings by the Judicial Panel on Multidistrict Litigation and transferred to the Eastern District of Pennsylvania.[1]

      On May 31, 2007, in order to facilitate the resolution of this case, the court entered Administrative Order No. 12, requiring submission of certain information as to each pending plaintiff in MDL 875 to a database established by the court.[2]

---

[1] Typically, a single case in the MDL 875 docket has claims by multiple plaintiffs against multiple defendants.

[2] The court has established an online database of claim specific information which, when finished, will allow the court to administrate the MDL 875 docket as efficiently as possible. Administrative Order No. 12 requires each plaintiff, whose case is pending in MDL 875, to provide certain information about the basis for their claim, including personal information, the

The deadline for complying with Administrative Order No. 12 was December 1, 2007. <u>See</u> Administrative Order No. 12 (May 31, 2007). Administrative Order No. 12 initially applied to all cases filed before December 1, 2007, but the sweep of the order was later extended to cover all cases filed before October 3, 2008. <u>See</u> Order Extending Administrative Order No. 12 (October 3, 2008).

\* \* \*

Certain defendants[3] in the individual cases have filed this

---

parties against whom they are alleging their claim and a good faith basis for their allegations.

[3] A.R. Wifley & Sons, Inc.; Accurate Felt & Gasket Co., Inc.; Allied Glove Corporation (sometimes sued as Nationwide Glove Corporation); Amsted Industries, Inc.; Bondex International, Inc.; CertainTeed Corporation; Cooper Alloy Corp.; Crossfield Products Corp.; Eastern Safety Equipment Company, Inc. (sometimes sued as Aearo Company); Flexo Products, Inc.; Gardner Denver, Inc.; General Electric Co.; Georgia-Pacific Corporation; The Gorman-Rupp Company; Gulf Coast Marine Supply Company; Pulsafeeder, Inc.; Viking Pump Company; Warren Rupp, Inc.; Illinois Tool Works Inc.; Ingersoll-Rand Company; Lawrence Pumps, Inc.; Magnetrol International Incorporated; Marine Specialty Company, Inc.; Mueller Steam Specialty; National Service Industries, Inc. f/d/b/a North Bros. Company; Owens-Illinois, Inc. d/b/a O-I; Pecora Corporation; Pneumo Abex, LLC; Rogers Corporation; Sager Glove Corp.; Aurora Pump Company; BIF; DeZurik, Inc.; Layne & Bowler Pump Group; Marsh Instruments; Standard Equipment Company, Inc.; Terex Corporation; Terex Cranes, Inc.; The American Crane Corporation; Turner Supply Company; Union Carbide Corporation; Amchem Products, Inc.; Warren Pumps, LLC; "Yeoman's Chicago Corporation" (also erroneously served for "Chicago Pump Company" and/or "Morris Machine Works/Morris Pumps"); Yuba Heat Transfer.

2

motion seeking the entry of a show cause order requiring each plaintiff in MDL 875, who has failed to comply with the requirements of Administrative Order No. 12, to show cause why their claim should not be dismissed pursuant to Fed. R. Civ. P. 41 (doc. no. 5527). Defendants also propose that any plaintiff who fails to respond to the requested order to show cause have their cases dismissed. The motion will be denied without prejudice.

While many plaintiffs have complied with the obligations of Administrative Order No. 12, there are still many who have not done so.  These noncompliant plaintiffs are the target of the defendants' blanket motion for entry of a show cause order.  The court agrees that plaintiffs who have not complied with the requirements of Administrative Order No. 12 can be subject to the entry of a show cause order as to their specific claim(s). However, defendants' instant motion sweeps too broadly.  Without details as to the specifics of each case and whether notice has been sent to these plaintiffs, defendants' motion requests that the court issue show cause orders applying to approximately 1.5 million individual claims within the MDL 875 docket. On this basis alone, the court is unable to determine whether the show cause order should issue and ultimately, whether any of these cases should be dismissed with prejudice for failure to comply with Administrative Order no. 12.

A motion for a rule to show cause why a case (or certain claims within the case) should be dismissed for failure to comply with Administrative Order no. 12 must contain, at a minimum, the following information as to such case and/or claim:

1.) The civil action number of the case in the district where it was originally filed.

2.) The name of the plaintiff in the case.

3.) The specific defendant or defendants on whose behalf the motion is being brought.

4.) The claim or claims for which dismissal is sought.

5.) The specific deficiency which fails to satisfy the requirements of Administrative Order no. 12 (e.g., failure to make any submission whatsoever; submission is inadequate)

6.) A certification that the motion requiring the order for a rule to show cause has been served upon counsel for the party against whom the rule to show cause is being sought.

\* \* \*

Any defendant seeking the entry of an order requiring a rule to show cause and ultimately the dismissal of a claim based on failure to comply with Administrative Order no. 12 should file a motion seeking entry of an order to show cause, as described above, by **January 31, 2009.**

An appropriate order follows.

4

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | : <br> : <br> : <br> : <br> : <br> : <br> : | MDL DOCKET NO. 875 |
| THIS DOCUMENT RELATES TO<br>ALL ACTIONS | : <br> : | |

### **O R D E R**

**AND NOW,** this **18th** day of **December, 2008,** it is hereby **ORDERED** that certain defendants' motion for entry of a show cause order(doc no. 5527) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that a motion for a rule to show cause why a case should be dismissed for failure to comply with Administrative Order no. 12 must contain, at a minimum, the following information as to such case and/or claim:

1.) The civil action number of the case in the district where it was originally filed.

2.) The name of the plaintiff in the case.

3.) The specific defendant or defendants on whose behalf the motion is being brought.

4.) The claim or claims for which dismissal is sought.

5.) The specific deficiency which fails to satisfy the

5

requirements of Administrative Order no. 12 (e.g., failure to make any submission whatsoever; submission is inadequate) 6.) A certification that the motion requiring the order for a rule to show cause has been served upon counsel for the party against whom the rule to show cause is being sought.

    **AND IT IS SO ORDERED.**

                                                   S/Eduardo C. Robreno
                                                   **EDUARDO C. ROBRENO, J.**