IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | |
| LIABILITY LITIGATION (No. VI) | : | MDL DOCKET NO. 875 |
| | : | |
| | : | Civil Action No. |
| | : | 2:01-md-875 |
| THIS DOCUMENT RELATES TO | : | |
| ALL ACTIONS | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          April 30, 2009

I.  INTRODUCTION

        MDL no. 875 involves claims relating to personal
injuries allegedly caused by asbestos products.  In 1991, the
Judicial Panel on Multidistrict Litigation (the "Panel")
transferred and consolidated these cases in the Eastern District
of Pennsylvania as MDL 875.  According to the January 1, 2009
Panel report, there were 58,625 cases, encompassing 3.3 million
claims, pending in MDL 875.[1]

        To manage this complex case, over the course of the
litigation, the Court has issued 17 administrative orders.  To
complement this administrative architecture, the presiding
Judicial Officer has instituted several new policies and

_____

        [1]    These statistics are drawn from the Jan. 1, 2009 MDL
875 statistical update provided by the Panel to Judge Robreno and
the Clerk of the Court in the Eastern District of Pennsylvania.

procedures[2] that expanded upon the case management system put in place by Judge Weiner and Judge Giles.[3]  As a result, a significant number of pending claims have been resolved in the past several months.[4]  Plaintiffs' motion requests amendments to six of these administrative orders.  For the reasons set forth below,[5] the Court declines to adopt Plaintiffs' proposed amendments.

II.  DISCUSSION OF THE MERITS

    A. Procedure for Remand of Appropriate Cases to Transferor District Courts

        Plaintiffs' first request that the Court remand: (1) the 151 malignancy cases listed in Exhibit "J" of their motion; and (2) any case in which a motion for remand has already been

_____

    [2]    See accompanying Exhibit "A", the MDL 875 Case Management Flowchart.  This chart is meant as a visual representation of the Court's administrative regime, illustrating categories of cases and their respective paths to resolution.

    [3]    The undersigned was designated Judge of MDL 875 on October 16, 2008.

    [4]    The Court has established an MDL 875 website, available at www.paed.uscourts.gov/mdl875.asp.  The website reports all activity in the case and is a helpful tool for the Court and the litigants.

    [5]    During the course of calendar year 2009, the court has resolved 510,000 claims, either by settlement, voluntary dismissal or dismissals.  Case management procedures in place include motion hearings, status and scheduling conferences, rules to show cause, Daubert hearings, and procedures for requesting settlement conferences and trials.  See MDL 875 website, available at www.paed.uscourts.gov/mld875.asp.

filed. (Pls. Mot. at 17, Ex. J.)  This request for a wholesale remand does not include specific information regarding the circumstances or procedural status of any individual case.  The motion simply lists the respective Plaintiff's name, civil action number, case style and disease.  (Id. at Ex. J.)  Previously, the Court declined a similar wholesale disposition of cases suggested by defendants in connection with enforcement of Administrative Order no. 12.  In re: Asbestos Prods. Liab. Litig. (No. VI), 254 F.R.D. 266, 268 (E.D. Pa. 2008).

Remanding cases to the transferor court at an early date remains an important administrative goal of the Court. Remand of individual cases, however, should occur only in a manner consistent with the goal of the efficient administration of the case,[6] and in the interest of justice in the individual case being remanded.[7]  In order to promote these goals the Court will implement a procedure whereby requests for a suggestion of

---

[6]    The Panel has transferred the asbestos personal injury cases to the Eastern District of Pennsylvania "for coordinated or consolidated pretrial proceedings."  28 U.S.C. § 1407(a) (1976). A case "shall be remanded by the panel at or before the conclusion of such pretrial proceedings." Id.  The Panel rules state that a remand shall be considered by the Panel on the motion of any party, upon a suggestion of remand from the transferee court, or upon the Panel's own initiative, through a conditional remand order, an order to show cause or another appropriate order.  JPML Rules of Procedure, 7.6(c) (2001).

[7]    Motions to remand to the appropriate state court for lack of subject matter jurisdiction, however, may be filed at any time.

remand in <u>individual</u> cases may be brought to the attention of the Court.[8]

By order on this day, the Court will issue Administrative Order no. 18, which provides that Plaintiffs may file a motion requesting the entry of a suggestion of remand with the Court.  This motion must include, at a minimum, the following information:

1.) The civil action number of the case in the district where it was originally filed;

2.) The civil action number of the case in the Eastern District of Pennsylvania, if the case has been assigned an E.D. Pa. civil action number;

3.) The name of the plaintiff in the case;

4.) The diagnosing report or opinion relied upon by the plaintiff in compliance with Administrative Order no. 12;

5.) The identity of defendants that are still viable[9] in the case;

6.) A certification that the motion requesting the suggestion of remand has been served upon counsel for all other parties to the action; and

---

[8]    The factors the Court will consider, <u>inter alia</u>,  are listed in Administrative Order no. 18, ¶7 a-h.

[9]    A viable defendant is a defendant which has been dismissed from the case and is not in bankruptcy proceedings.

4

7.) The specific reasons why remand is appropriate in this case.  In particular, Plaintiff should specify:

    a.) Whether Plaintiff has complied with Administrative Orders 12 and 12A;

    b.) Whether the injured Plaintiff is alive;

    c.) Whether the parties have submitted a Rule 26(f) report to the Court;

    d.) Whether all relevant discovery has been completed or has been substantially completed.  If not, identify the discovery still to be completed;

    e.) The extent to which settlement conferences have been held in the case and the status of settlement negotiations;

    f.) Whether there are any outstanding motions in the case.  Counsel seeking remand should be able to certify that there are no outstanding motions remaining in the case;

    g.) Whether, if the case is remanded, the Plaintiff is prepared for trial without delay once on the transferor court's normal docket; and

    h.) The status of congestion in the transferor court docket.

Once a motion requesting a suggestion of remand has been filed with the Court and served on all other parties to the

action, any party opposing the motion will have fourteen (14) days in which to file a response.  If a response is filed, then the Court will decide whether to suggest remand based on the contents of the motion and the response, or schedule a hearing on the matter.  If there is no response within fourteen days, the other parties to the action are deemed to have consented, and the Court will decide whether to suggest remand based on the content of that respective Plaintiff's motion.[10]

Under these circumstances, Plaintiffs' request to remand the 151 named malignancy cases, and the numerous other cases in which a motion to remand has been filed previously is denied.  If Plaintiffs believe that remand is appropriate in any <u>individual</u> case, the Plaintiff in such case may file a motion for suggestion of remand that conforms to the requirements of Administrative Order no. 18.

B. Motley Rice's Role as Plaintiffs' Steering Committee
      <u>Liaison Counsel for the MDL 875 Submissions Database</u>

Next, Plaintiffs' request that the Court relieve Motley Rice ("Motley Rice") of its duties regarding the MDL 875 submissions database.  (Pls. Mot. to Amend at 17.)  The database was created by Administrative Order no. 13 as a tool for the

---

[10]     Once a suggestion of remand is filed with the Panel, the procedures for effecting the remand can be found in Rule 7.6 of the Judicial Panel on Multidistrict Litigation Rules of Procedure.

Court to manage the information submitted by Plaintiffs pursuant to Administrative Order no. 12.[11]   (Administrative Order no. 13, doc. no. 5040, Jan. 29, 2008.)  The law firms of Forman, Perry, Watkins, Krutz & Tardy, LLP ("Forman Perry") and Motley Rice were appointed to assist the Court in managing the database by Defendants' steering committee and Plaintiffs' steering committee, respectively.  Id.  Forman Perry was also tasked with uploading to the database any paper Administrative Order no. 12 submissions that had been submitted prior to the creation of the database.  When Forman Perry last updated the Court on the progress of uploading paper submissions, Forman Perry indicated that the database included 80% of such submissions.

The continuing assistance of counsel from each steering committee is important in maintaining the functionality and impartiality of the database.  The Court is very appreciative of the many hours that both Motley Rice and Forman Perry have spent assisting with the administration of the MDL 875 submissions database.

With that said, the Court has no particular preference as to which member of the Plaintiffs' steering committee is

---

[11]    Administrative Order no. 12 requires, inter alia, the submission of a diagnostic report by the plaintiff in each case and the submission of identifying information particular to that case.  Submissions made pursuant to Administrative Order no. 12 are collected in an electronic database, which is consulted by the parties and the Court in making scheduling decisions.

7

liaison counsel in charge of the MDL 875 submissions database. Nevertheless, Motley Rice has not provided the Court with the name of another member of the steering committee that is ready, willing and able to fill their role.  The Court is reluctant to appoint another law firm sua sponte to fill this important position.  If Motley Rice reaches an agreement with another steering committee member to take over these duties, the Court will entertain a motion to relieve Motley Rice at that time. Meanwhile, Motley Rice's obligations as Plaintiffs' steering committee appointee for the database, pursuant to Administrative Order no. 13, shall continue until further order of the Court.

### C. Filing Dismissal Orders on PACER/ECF in the Eastern District of Pennsylvania

The third request made by Plaintiffs is that the Court allow Plaintiffs to file dismissal orders and/or orders for transfer to the "bankruptcy only" docket on PACER/ECF.  (Pls. Mot. to Amend at 17.)  The Clerk of the Court is in the process of transferring all electronic files in all cases to this judicial district and assigning each individual plaintiff in the MDL 875 litigation from across the country an Eastern District of Pennsylvania civil action number.[12]  If the case involves

---

[12]    A significant number of Plaintiffs in the litigation have already been assigned E.D. Pa. civil action numbers.  In such cases, Plaintiffs' counsel are required to file these and any other motions electronically on the PACER/ECF system,

multiple plaintiffs, the Court is severing the cases and
requiring such Plaintiffs to file an amended complaint and pay a
filing fee.  Each Plaintiff who files an amended complaint is
then assigned an E.D. Pa. number.[13]  Once a Plaintiff is assigned
an E.D. Pa. civil action number, either by transfer of the file
from the transferor district or by the filing of an amended
complaint in this district, these motions may be filed
electronically in the E.D. Pa. using the PACER/ECF system.  Until
Plaintiff is assigned an E.D. Pa. civil action number, any
motions filed on behalf of that Plaintiff must be filed in the
transferor district court and a separate copy must be sent to the
clerk in the E.D. Pa.  This policy is reflected in the recently
amended Administrative Order no. 11.  (Administrative Order no.
11, doc. no. 5936, Mar. 16, 2009.)

        Once all of the cases are transferred from the various
district courts to the E.D. Pa., which the Court expects will

---

pursuant to MDL 875 Administrative Order no. 11, section 1(B)(II)
and Local Rule of Civil Procedure 5.1.2(2)(a).  The Court will
sever each multi-plaintiff case and assign each Plaintiff an E.D.
Pa. civil action number and require that Plaintiff file an
amended complaint.  The amended complaint must be mailed as a
hard copy to the E.D. Pa. Clerk's Office, and include a copy of
the document saved as a PDF on a CD-ROM.  Once the amended
complaint is received and uploaded, the E.D. Pa. PACER/ECF system
will be available for electronic filing in each Plaintiff's case.


    [13]   Cases with E.D. Pa. numbers, if originating in another
district (the transferor court), in the event of remand, will be
remanded to the transferor court.

occur in the next few months, PACER/ECF filing on the E.D. Pa system will be available to all Plaintiffs and Defendants in the entire MDL 875 litigation.


    D. <u>Grouping Non-Malignant Claims for Settlement Conference</u>

       Finally, Plaintiffs request that the Court allow them to group non-malignant cases for settlement conferences. (Pls. Mot. to Amend at 17.) The Court is scheduling settlement conferences, both in individual cases and groups of cases, on an ongoing basis. Four Magistrate Judges and at least one District Judge are also conducting settlement conferences in appropriate cases on an ongoing basis. With these available resources, the Court is able to schedule many individual and group settlement conferences simultaneously. If Plaintiffs' counsel wishes to request a settlement conference in a case or group of cases, the procedures making such request are available on the MDL 875 website. <u>See</u> "Settlement Conference Procedures," MDL 875: In re: asbestos website, <u>available at</u> <u>www.paed.uscourts.gov/mdl875.asp</u>.


III. CONCLUSION

       The Court's case management procedures are not arbitrary. These procedures are designed to help manage a large and diverse docket and to accommodate fairly the many diverse interests present in the litigation. The request by certain

Plaintiffs to alter it wholesale will neither improve efficiency nor promote the interests of justice.

An appropriate order follows.