IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)          MDL DOCKET NO.: 875

CERTAIN PLAINTIFFS

V.

CERTAIN DEFENDANTS

This Document Relates To:

| | |
|---|---|
| HILRY ANDERSON, ET AL.. | PLAINTIFFS |
| V. | CIVIL ACTION NO. 1:05-cv-40-WJG |
| OWENS-ILLINOIS, ET AL. | DEFENDANTS |
| and | |
| ROBERT BREAZEALE | PLAINTIFF |
| V. | CIVIL ACTION NO. 1:05-cv-40-WJG |
| ALLIED SIGNAL, ET AL. | DEFENDANTS |
| and | |
| ONEAL CHAMBERS, JR. | PLAINTIFFS |
| V. | CIVIL ACTION NO. 1:06-CV-1076-WJG |
| AMERICAN STANDARD, ET AL. | DEFENDANTS |
| and | |

1

| | |
|---|---|
| WILLIE HAMBERLIN, ET AL. | PLAINTIFFS |
| V. | CIVIL ACTION NO. 1:05-CV-41-WJG |
| OWENS-ILLINOIS, ET AL. | DEFENDANTS |

CONSOLIDATED WITH:

| | |
|---|---|
| RAY ALSWORTH, ET AL. | PLAINTIFFS |
| V. | CIVIL ACTION NO. 1:05-CV-41-WJG |
| SCAPA, ET AL. | DEFENDANTS |

and

| | |
|---|---|
| HENRY BRIGGS, ET AL. | PLAINTIFFS |
| V. | CIVIL ACTION 1:05-CV-107-WJG |
| NATIONAL SERVICE INDUSTRIES, ET AL. | DEFENDANTS |

and

| | |
|---|---|
| GENE BEAZLEY, ET AL. | PLAINTIFFS |
| V. | CIVIL ACTION NO. 1:05-CV-38-WJG |
| A. W. CHESTERTON, ET AL. | DEFENDANTS |

and

| | |
|---|---|
| WILLIAM MOULDER, ET AL. | PLAINTIFFS |
| V. | CIVIL ACTION NO. 1:05-CV-39-WJG |
| MONSANTO COMPANY | DEFENDANTS |

CONSOLIDATED WITH:

| | |
|---|---|
| CHESTER BANKS, ET AL. | PLAINTIFFS |
| V. | CIVIL ACTION NO. 1:05-CV-39-WJG |
| OWENS-ILLINOIS, ET AL. | DEFENDANTS |

and

| | |
|---|---|
| MARGIE MAE WILLIAMS, ET AL. | PLAINTIFFS |
| V. | CIVIL ACTION NO. 1:05-CV-42-WJG |
| NATIONAL SERVICE INDUSTRIES, ET AL. | DEFENDANTS |

and

| | |
|---|---|
| PAMELA WILBANKS, ET AL. | PLAINTIFFS |
| V. | CIVIL ACTION NO. 1:06-CV-1088-WJG |
| A. W. CHESTERTON, ET AL. | DEFENDANTS |

and

| | |
|---|---|
| TINA FITZGERALD | PLAINTIFF |
| V. | CIVIL ACTION NO. 1:06-CV-1075-WJG |
| ALLIED SIGNAL, ET AL. | DEFENDANTS |

and

| | |
|---|---|
| MALCOLM MONTGOMERY | PLAINTIFF |
| V. | CIVIL ACTION NO. 1:06-CV-1068-WJG |
| ALLIED SIGNAL, ET AL. | DEFENDANTS |

and

| | |
|---|---|
| JAMES NATIONS | PLAINTIFF |
| V. | CIVIL ACTION NO. 1:06-CV-1066-WJG |
| ALLIED SIGNAL, ET AL. | DEFENDANTS |
| and | |
| RONALD NATIONS | PLAINTIFF |
| V. | CIVIL ACTION NO. 1:06-CV-1066-WJG |
| ALLIED SIGNAL, ET AL. | DEFENDANTS |
| and | |
| RAY LEE REGAN | PLAINTIFF |
| V. | CIVIL ACTION NO. 1:06-CV-1065-WJG |
| ALLIED SIGNAL, ET AL. | DEFENDANTS |

**OMNIBUS MOTION IN OPPOSITION TO MOTIONS TO SHOW CAUSE, MOTION TO STRIKE AND FOR OTHER RELIEF**

COMES NOW, Plaintiffs and files this their omnibus motion in opposition to Certain Defendants Motions to Show Cause and Motion to Strike Certain Defendants Motion to Show Cause and in support thereof would show unto the Court the following:

1. On or about June 15, 2009, Certain Defendants began filing the identical Motion to Show Cause in many of the Plaintiff's severed actions in the MDL. A copy of such Motion to Show Cause is attached hereto as Exhibit

"A".

2. At Paragraph 4 of each Motion, Certain Defendants make the following statement: "PLAINTIFF HAS FAILED TO COMPLY WITH ADMINISTRATIVE ORDER NO. 12 IN THAT THE PLAINTIFF HAS FAILED TO SUBMIT ANY INFORMATION WHATSOEVER IN RESPONSE TO THIS COURT'S ORDER".

3. The Plaintiffs are informed and believe that the above statement made by the Attorney for Certain Defendants was and is knowingly false and was a statement not made in good faith nor in interest of justice, but was a statement made only to meet the minimum requirements of Rule 41 Fed. R. Civ. P. and accordingly, each such statement and each of the Motions should be stricken.

4. The Plaintiffs aver that Certain Defendants knew and should have known that this statement is materially false and was made only to further the self interest of Certain Defendants and not the interest of justice. Once the Plaintiffs discovered the materially false statement, the Plaintiffs requested the immediate withdrawal or dismissal of Certain Defendants' Motions. (See Exhibit "B"). To date Certain Defendants have failed to withdraw or correct the Motions.

5. After the issuance of Administrative Order No. 12, with virtually no guidelines or guidance and at extreme expense in time and effort, Plaintiffs herein undertook submission as mandated by the Court. Although onerous and burdensome, the Plaintiffs nevertheless submitted to this Clerk of the Court hard paper copies of the Plaintiffs submissions containing the required Plaintiff's information together with copies of diagnosing medicals all in substantial compliance with AO12(See Collective Exhibit "C").

6. The Plaintiffs served discs to each of the remaining Defendants in the action including Certain Defendants, which discs contained the full submission together with all the attachments thereto and a hard copy to the Clerk of the Court (See Exhibit "C" again).

7. After the initial service of the submissions, Plaintiffs were contacted by some Defendants about information in the submission, attempted to satisfy the respective inquiry and in some instances re-served the submissions (Exhibit "D").

8. Certain Defendants Motions to Show Cause have unjustly set off a tsunami of Responsive Affidavits in order to protect the rights of the Plaintiffs which have

been unfair and has unnecessarily burdened the Plaintiffs based solely on Certain Defendants false allegations. Therefore Plaintiffs respectfully request attorneys fees and costs for having to address Certain Defendants improper and wrongful conduct. These Motions to Show Cause are seeking Rule 41 dismissals, however, Certain Defendants have not shown and/or met the threshold for requesting such relief. The Certain Defendants are asking the Court to dismiss on the basis of misleading/false information in a nefarious attempt to shift the burden of proof to the Plaintiffs. This conduct should not go unaddressed by this Honorable Court.

### Certain Defendants Fail to Meet
### the Burden of Rule 41

9. For this Court to allow the conduct of Certain Defendants to go unchecked and uncontrolled jeopardizes the integrity and the validity of the judicial process. Accordingly, as hereinafter set forth, Certain Defendants fail to meet the burden of Rule 41.

10. Due process abjures the temptation to sin in haste and repent in leisure, and never more so than in conjunction with exercise of the extraordinary power

7

implied by the words "involuntary dismissal with prejudice." That power drives from two sources: (1) the Federal rules of Civil Procedure, in this case Rule 41(b) and, theoretically, Rule 37, and (2) the court's inherent authority over its own processes; but the criteria governing its use in either context are consistent and informed by paramount constitutional concerns:

> [T]here are constitutional limitations upon the power of a court, even in aid of its own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause and it is for this reason that the appellate courts very carefully scrutinize dismissals with prejudice made on these grounds and have allowed dismissal with prejudice only in the face of a clear record of delay or contumacious conduct by the plaintiff or upon a serious showing of willful default.

*Riddle v. National R.R. Passenger Corp.*, 831 f. Supp. 442, 444 (E.D. Pa. 1993). This admonition is embodied in the list of factors adopted by the Third Circuit that must be considered and balanced in every analysis of involuntary dismissal under Rule 41(b):

(1) extent of a party's personal responsibility for the defalcation in issue

8

(2) prejudice to the adversary caused by failure or delay

(3) history of dilatoriness by the party subject to dismissal

(4) whether the conduct of the party or the attorney was willful or in bad faith

(5) effectiveness of sanctions other than dismissal

(6) meritoriousness of the subject claim

*Emerson v. Thiel College*, 296 F.3d 184, 190 (3 rd Cir. 202) ("[D]ismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits."). See also *Societe Internationale Pour Participations Industrielles et. Commerciales*, S.A. v. Rogers, 357 U.S. 197, 209, 78 S. Ct. 1087, 1094, 2 L. Ed. 2d 1255 (1958) (reversing dismissal for failure to comply with pretrial discovery order amid due process concerns).

11. Likewise, the Fifth Circuit has held that Rule 41(b) dismissals should be reserved only for the "most egregious" of cases, usually those in which the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of several aggravating factors, including "(1) delay resulting from intentional conduct; (2) delay caused by the plaintiff personally; and (3) delay causing prejudice to the

9

defendant." *Rogers v. Kroger Co.,* 669 F.2d 317, 320 (5 th Cir. 1982); accord *Millan v. USAA GIC,* 546 F.3d 321, 327 (5 th Cir. 2008); *Long v. Simmons,* 77 F.3d 878 (5 th Cir. 1996) (district court abused discretion in dismissing with prejudice without showing that plaintiff acted purposefully and contumaciously, and without employing lesser sanctions). In the similar contexts of involuntary dismissal as a sanction under Rule 37 or inherent judicial discretion, courts have made abundantly clear that such a penalty depends for sustainability upon a showing of conduct by a party or counsel that is tantamount to willfulness or bad faith. See, e.g., *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 767, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980) (finding of bad faith by counsel must precede any sanctions under court's inherent powers to sanction discovery abuses); *Ladien v. Astrachan,* 128 f.3d 1051 (7 th Cir. 1997) (Rule 37 dismissal requires both a failure to comply with discovery order and showing of willfulness or bad faith).

12. The relief thus requested by Certain Defendants herein obviously does not follow as surely as night follows day, and will not survive scrutiny if delivered on the grounds solely proffered by them, i.e., the false

10

statement at Paragraph 4 of each motion "…in that the Plaintiff has failed to submit any information whatsoever in response to this Court's order".

13. The efficiency, or lack thereof, of the database is the force for Certain Defendants Motions and for the record Plaintiffs herein had no input into the creation of the database, but same was created solely by and upon representations of the attorneys for Certain Defendants. The database holds no benefit to the Plaintiff and has only been used by Defendants as a weapon to attack Plaintiffs cases, in many instances without cause or on some extremely tenuous grounds. The Court has been previously advised of the myriad of problems presented by the frantic, beat-the-clock filing of these Rule 41 motions in thousands of cases currently pending <u>or not</u>, service deficiencies, error in recording submissions, and "vanishing submissions" all from an electronic database exclusively created, controlled and maintained by the attorneys for Certain Defendants. If the false allegation contained in Certain Defendants motion to show cause is in any way a coverup for the attorneys for Certain Defendants failing with regard to the dysfunctional database, then the conduct of the

11

attorneys for Certain Defendants is that much more egregious in that these attorneys and Certain Defendants are treading falsely upon the rights of the very victims these Certain Defendants poisoned in the long and well documented asbestos conspiracy. The motion of Certain Defendants to show cause is therefore devoid of anything, let alone offered proof, but a false and fraudulent allegation to wrongfully and unlawfully seek a dismissal with prejudice and fails to meet the following criteria:

**(1) Extent of Party's Personal Responsibility**

The record is devoid of evidence. The Plaintiff provided Certain Defendants AO12 submissions in compliance therewith.

**(2) Prejudice to Adversary Caused by Failure or Delay**

The record is devoid of evidence. The Plaintiff provided Certain Defendants AO12 submissions in compliance therewith.

**(3) History of Dilatoriness by the Party Subject to Dismissal**

Defendants falsely allege that Plaintiffs failed to provide Certain Defendants AO12 submissions whatsoever.

**(4) Whether the conduct of the Party or**

12

**Attorney was Willful or in Bad Faith**

The record is devoid of evidence except the false allegation of attorneys for Certain Defendants.

**(5) Effectiveness of Sanctions Other Than Dismissal**

The Court has before it no proof that any sanction is appropriate, except perhaps a Rule 11 penalty for Certain Defendants for the filing of deliberately false and frivolous motions under Rule 41(b).

**(6) Meritoriousness of the subject claim**

No evidence is offered by Certain Defendants, only false allegations.

14. Most, if not all, of the lawsuits before this Court were filed in state courts with the goal of obtaining expeditious adjudication of the merits of the claims. They were removed and ultimately transferred hereto involuntarily, and the defendants have exploited every method at their disposal to prevent or retard consideration of these cases on the merits, which suggests strongly the presence of precisely that which the defendants do not want considered. As demonstrated conclusively above, the only appropriate sanction warranted by the existing record before the Court should

13

be imposed under Rule 11 against Certain Defendants' attorneys herein, and for that reason alone the defendants' motions should be denied.

15. The filing of these motions are an anathema to everything that is supposed to be promoted by this Court in the orderly disposition through trial, settlement or dismissal of the cases on the docket.

### The False Allegations Contained in Certain Defendants Motion to Show Cause Violates the Rules of the Court

16. Paragraph 7 of Administrative Order 17, which governs the procedures for Defendants to file Motions for Rule to Show Cause provides in part: "The Court may assess costs in any matter where the Court feels either party has not acted in good faith or with due diligence in ascertaining the veracity of their pleadings or statements in these matters. Rule 11(b)(1) and (3) of the Fed. R. Civ. Pro. Establishes the minimum requirements for pleadings:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

17. Under no circumstances can Certain Defendants justify the allegation contained in Paragraph 4 of its motion. The rules of the Court are in existence to govern the conduct of litigants and to ensure that all parties have equal and fair access to the civil judicial system under the law. The rules of the Court are certainly the minimum courts should expect from advocates for the civil judicial system to effectively function. The civil judicial system fails when violations of the rules of Court go unaddressed. The rules of the Court have failed in the instant action. Based totally on the false allegations contained in Certain Defendants motion, a motion to which Plaintiffs have had no other choice but to respond, the Plaintiffs have been forced to file unnecessarily thousands of affidavits to rebut and refute the baseless and false allegations of Certain Defendants.

The cost in time and effort has been enormous. Plaintiffs cannot rely that Certain Defendants will do the right thing and withdraw their inaccurate motions.

18. The allegations of Certain Defendants motions in essence, accuse the Plaintiffs and their attorneys of knowingly and willfully violating this Court's order. As set forth above the allegations are false and untrue, but nonetheless caused the Plaintiffs to unnecessarily expend enormous amounts of time, money and effort to correct the record and protect each of the Plaintiffs rights to due process. The judicial system is no doubt imperfect and in some respects fragile, but for Certain Defendants to set off a series of events involving thousands of cases based totally on a false and fraudulent allegation is an outrageous abuse of process and is fundamentally just plain wrong.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that this Court deny Certain Defendants' Motions to Show Cause, and strike all of Certain Defendants Motions to Show Cause. Plaintiffs further pray that they be awarded attorney fees, costs and expenses incurred in responding and/or preparing for these Motions and any and all travel expenses related to the travel incurred attending hearings based on the frivolous and false

Motions. Plaintiffs further pray for any and all general relief as to which they may be entitled.

RESPECTFULLY SUBMITTED,

**CERTAIN PLAINTIFFS**

BY: /s/ JEFFREY A. VARAS

OF COUNSEL:

Jeffrey A. Varas, Esq. (MSB# 6592)

Post Office Box 886
119 Caldwell Dr.
Hazlehurst, Mississippi 39083 (601) 894-4088
(601) 894-4688 Facsimile

Tom B. Scott, III, Esq. (MSB #6578)
Scott and Scott, Ltd.
P. O. Box 2009
5 Old River Place
Jackson, Mississippi 39215-2009
(601) 353-9522
(601) 353-9527 Facsimile

Stephen L. Shackelford, Esq. (MSB #6718)
East Pointe Business Park
3010 Lakeland Cove, Suite P
Flowood, MS 39232
(601) 936-9939
(601) 936-9934 Facsimile

**CERTIFICATE OF SERVICE**

I, JEFFREY A. VARAS, the undersigned attorney, do hereby certify that I have this day caused a true and correct copy of the above and foregoing to be filed with the Clerk of the Court using the mandatory ECF filing system, which sent notice of the same to all ECF participants.

/s/ JEFFREY A. VARAS      JEFFREY A. VARAS
One of the Attorneys for the Plaintiff