Richard S. Glasser, Esq. - VA Bar No. 4092
H. Seward Lawlor, Esq. - VA Bar No. 13783
William H. Monroe, Jr., Esq. - VA Bar No. 27441
Richard J. Serpe, Esq. - VA Bar No. 33340
Charlotte E. Vaughn, Esq. - VA Bar No. 31972
M. David Weisman, Esq. - VA Bar No. 36884
GLASSER & GLASSER, P.L.C.
600 Dominion Tower
999 Waterside Drive
Norfolk, VA 23510
(804) 625-6787

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| DAVID L. WATERS<br>Post Office Box 186<br>200 W. Antietam Street<br>Sharpsburg, Maryland 21782, | CIVIL ACTION |
| Plaintiff, | NO. 2:95cv32 |
| v. | |
| GRIFFIN WHEEL CO.<br>OWENS-CORNING FIBERGLAS CORPORATION<br>AMERICAN STANDARD, INC., dba<br>   WESTINGHOUSE AIR BRAKE CO., | ASBESTOS CASE |
| Defendants. | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY<br>LITIGATION (NO. VI) | |
| This Document Relates To:<br>David L. Waters v. Griffin Wheel Co., et al.<br>(Case Number To Be Assigned) | CIVIL ACTION NO.<br>MDL 875 |


EXHIBIT 5

## COMPLAINT

Plaintiff, David L. Waters, by his attorneys Glasser and Glasser, P.L.C., for his Complaint states:

1. Plaintiff is a resident of the state of Maryland and defendants are corporations incorporated under the laws of, and having their principle places of business in, state(s) other than Maryland. The amount in controversy exceeds, exclusive of interest and costs, the sum of Fifty Thousand Dollars ($50,000.00).

2. Plaintiff is:

   a. Plaintiff ("plaintiff-worker")

   | | |
   |---|---|
   | Name: | David L. Waters |
   | Address: | Post Office Box 186<br>200 W. Antietam Street<br>Sharpsburg, Maryland 21782 |
   | Social Security No.: | 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 |
   | Date of Birth: | July 11, 1927 |

   b. Plaintiff's Spouse

   | | |
   |---|---|
   | Name: | Deceased |

3. Defendants are those companies listed in the caption.

4. Plaintiff-worker's asbestos employment history including, to the extent possible at this time, the asbestos products to which Plaintiff-worker was exposed is attached as Schedule I.

5. Plaintiff-worker was diagnosed on or about November 15, 1994, by James V. Scutero, M.D. as having asbestosis as a result of Plaintiff-worker's exposure to asbestos.

Glasser and Glasser, P.L.C.
600 Dominion Tower
999 Waterside Drive
Norfolk, Virginia 23510-3300

2

6. Plaintiff-worker adopts by reference the following Counts from the Master-Long Form Complaint filed in the United States District Court for the Eastern District of Pennsylvania pursuant to Order dated August 20, 1986: Counts I, II, III, IV and X.

## COUNT I

7. Plaintiff-worker incorporates by reference the preceding paragraphs as if they were set forth herein.

8. At all times material hereto, Defendants knew, or had reason to know or should have known, that their asbestos products were inherently and imminently dangerous and that exposure to the inhalation of asbestos and industrial dust and fibers was dangerous and potentially deadly, whereas Plaintiff-worker was not fully aware of this.

9. At all times material hereto, Defendants knew, or had reason to know or should have known, that Plaintiff-worker would be exposed to the inhalation of asbestos and industrial dust and fibers resulting from the ordinary and foreseeable use of their asbestos products and despite this, Defendants:

   (a) Failed to protect Plaintiff-worker by exercising reasonable care to prevent such exposure;

   (b) Failed to warn Plaintiff-worker of the risks of such exposure;

   (c) Failed to advise Plaintiff-worker to use special equipment and procedures to prevent such exposure;

   (d) Failed to place adequate warnings on the containers of these products regarding the risks of such exposure and the precautions necessary to prevent such exposure;

Glasser and Glasser, P.L.C.
600 Dominion Tower
999 Waterside Drive
Norfolk, Virginia 23510-3300

(e) Failed to safely package these products;

(f) Failed to make these products safe for use;

(g) Failed to use safe substitutes for asbestos in these products;

(h) Failed to conduct research on disease and test products to determine the extent of dangers inherent in them and make them safe for use;

(i) Failed to recall these products after determining that they were dangerous;

(j) Failed, after determining that such products were dangerous, to warn Plaintiff-worker to cease all exposure to the inhalation of asbestos and industrial dust and fibers resulting from the ordinary and foreseeable use of their asbestos products already placed in the stream of commerce;

(k) Failed to comply with the Federal Hazardous Substance Act, 15 USCA 1261, et seq.; and

(l) Failed to advise Plaintiff-worker to cease all future exposure to the inhalation of any dust, fibers, fumes and smoke and be examined by a lung specialist.

## COUNT II

10. Plaintiff-worker incorporates by reference the preceding paragraphs as if they were set forth herein.

11. Defendants impliedly warranted that the asbestos products which they mined, manufactured, produced, processed, compounded, converted, sold, merchandised, supplied, distributed, and/or otherwise placed in the stream of commerce were reasonably fit for use and safe for their intended purpose.

Glasser and Glasser, P.L.C.
600 Dominion Tower
999 Waterside Drive
Norfolk, Virginia 23510-3300

4

(a) That, at the time of the manufacture and sale of their asbestos products by the Defendants to Plaintiff-worker's Employer, Defendants knew, or had reason to know or should have known, that the said asbestos products would be used by the Plaintiff-worker, and other persons similarly employed, as the ultimate user or consumer;

(b) That the said asbestos products were sold by the Defendants in a defective condition and were unreasonably dangerous to the Plaintiff-worker, and others similarly employed, as users or consumers, and all throughout many years of the Plaintiff-worker's exposure to and use of the said products, the same asbestos products were expected to and did reach the user or consumer without substantial change in the condition in which they were sold; and

(c) That the said asbestos products were defective in that they are incapable of being made safe for their ordinary and intended use, and said Defendants failed to give adequate or sufficient warnings or instructions about the risks and dangers inherent in the products.

12. Defendants breached said warranties to Plaintiff-worker in that their said asbestos products were imminently and inherently dangerous, defective, hazardous, unfit for use, not properly merchantable, and not safe for their intended ordinary and foreseeable uses and purposes.

## COUNT III

13. Plaintiff-worker incorporates by reference the preceding paragraphs as if they were set forth herein.

Glasser and Glasser, P.L.C.
600 Dominion Tower
999 Waterside Drive
Norfolk, Virginia 23510-3300

5

14. Defendants, for many decades, have been aware of medical and scientific data and reports which clearly indicated that exposure to the inhalation of asbestos and industrial dust and fibers caused, contributed to and/or was associated with the development of disease and was potentially deadly.

15. Despite this, Defendants, prompted by pecuniary motives, individually, jointly and in conspiracy with each other, and through trade associations in which they were members, deliberately, maliciously, and callously:

(a) Concealed this information from persons such as Plaintiff-worker who were being exposed to the inhalation of asbestos and industrial dust and fibers from their asbestos products, fearing that adverse publicity would reduce their highly profitable sales;

(b) Concealed the actual results of research on disease and tests done on these products because they were adverse, and distorted these results to mislead persons into believing they were not adverse;

(c) Discredited doctors and scientists who indicated that there was a relationship between asbestos and disease;

(d) Concealed the actual results of medical examinations conducted upon persons who contracted asbestosis, cancer, and other industrial dust diseases, and distorted these results to minimize the role of asbestos;

(e) Concealed claims of persons who contracted asbestosis, cancer, and other industrial dust diseases;

(f) Procured false testimony during the litigation of claims of persons who contracted asbestosis, cancer, and other industrial dust diseases;

Glasser and Glasser, P.L.C.
600 Dominion Tower
999 Waterside Drive
Norfolk, Virginia 23510-3300

(g) Disseminated data and reports regarding the relationship between asbestos and disease which were incorrect, incomplete, outdated and misleading;

(h) Placed misleading information on the containers of these products, fearing that adequate warnings would adversely affect sales; and

(i) Disseminated favorable publicity about these products and indicated that they were safe for use, to maximize profit at the expense of human lives.

16. Defendants acted with criminal indifference and conscious disregard of the rights of Plaintiff-worker.

17. Defendants participated in the fraudulent scheme described above to keep persons such as Plaintiff-worker in ignorance of their rights and, in fact, this fraudulent scheme did keep Plaintiff-worker in such ignorance.

18. Defendants intended by the fraudulent misrepresentations, fraudulent concealments, and willful omissions described above to induce persons such as Plaintiff-worker to rely upon the same and to continue to expose themselves to the dangers that Defendants knew to be inherent in their asbestos products.

19. Plaintiff-worker, reasonably and in good faith, relied upon the fraudulent misrepresentations, fraudulent concealments, and willful omissions of Defendants, which reliance resulted in detriment to Plaintiff-worker, the particulars of which will be set forth below.

## COUNT IV

20. Plaintiff-worker incorporates by reference the preceding paragraphs as if they were set forth herein.

Glasser and Glasser, P.L.C.
600 Dominion Tower
999 Waterside Drive
Norfolk, Virginia 23510-3300

21. As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, fraudulent concealment, misrepresentations, and willful omissions of the Defendants, Plaintiff-worker was caused to contract diseases and injuries to his body systems, lungs and heart, including, asbestosis and other injuries, which are permanent and/or fatal and have caused and will continue to cause Plaintiff-worker pain, suffering and mental anguish and will inevitably cause his death. Further, aside from the diseases and injuries of which Plaintiff-worker is presently afflicted, Plaintiff-worker has become a likely candidate for progressive future disease and future cancer, some or all of which may be permanent and/or fatal.

22. Plaintiff-worker's asbestos-induced disease which was proximately caused by Defendants' asbestos products did not occur or exist two years prior to the filing of this Motion for Judgment and such disease is the indivisible biological result of the unique dose response of Plaintiff-worker's body to past and recent inhalation or ingestion of asbestos and industrial dust and fibers from Defendants' asbestos products.

23. As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, fraudulent concealment, misrepresentations, and willful omissions of Defendants, Plaintiff-worker:

(a) Has been obliged to spend various sums of money to treat his disease and will be obliged to continue to do so in the future;

(b) Has and will sustain a loss of earnings and earning capacity;

(c) Has had his enjoyment of life severely impaired and his life expectancy tremendously shortened; and

Glasser and Glasser, P.L.C.
600 Dominion Tower
999 Waterside Drive
Norfolk, Virginia 23510-3300

(d) Has been caused to suffer great psychic trauma including, but not limited to, cancer phobia.

24. Any delay in filing Plaintiff-worker's causes of action is a direct and proximate result of Defendants' failure to warn and the fraudulent concealment hereinafter described.

(a) For a long time Defendants have known of the hazards of asbestos inhalation and ingestion and had the duty to warn persons such as Plaintiff-worker, of the hazards of their asbestos products. However, Defendants intentionally and fraudulently concealed said knowledge from Plaintiff-worker resulting in the failure of Plaintiff-worker to discover the facts which are the basis of his causes of action despite the exercise of due diligence on behalf of Plaintiff-worker. Plaintiff-worker remained unaware of Defendants' long-time knowledge of the hazards of exposure to their asbestos products and their correlative duties to warn until Plaintiff-worker discovered such information within two (2) years of the filing of this Motion for Judgment. Accordingly, any attempt on the part of any Defendant to complain about the timeliness of Plaintiff-worker's commencement of this action should be estopped.

25. A claim for lost wages of Plaintiff-worker is: To be provided.

26. Plaintiff-worker certifies that Plaintiff-worker has not been a party to any related third party asbestos litigation, except for a FELA action pending against his former employer.

27. Plaintiff-worker demands trial by jury.

WHEREFORE, Plaintiff-worker prays for judgment against defendants, and each of them, for compensatory damages in the sum of Five Million Dollars ($5,000,000.00) and

Glasser and Glasser, P.L.C.
600 Dominion Tower
999 Waterside Drive
Norfolk, Virginia 23510-3300

9

punitive damages in the sum of Five Million Dollars ($5,000,000.00), together with interest, costs and such other and further relief as is just and proper.

GLASSER AND GLASSER, P.L.C.

By: _____
Of Counsel

Richard S. Glasser, Esq. - VA Bar No. 4092
H. Seward Lawlor, Esq. - VA Bar No. 13783
William H. Monroe, Jr., Esq. - VA Bar No. 27441
Richard J. Serpe, Esq. - VA Bar No. 33340
Charlotte E. Vaughn, Esq. - VA Bar No. 31972
M. David Weisman, Esq. - VA Bar No. 36884
GLASSER & GLASSER, P.L.C.
600 Dominion Tower
999 Waterside Drive
Norfolk, VA 23510
(804) 625-6787

Glasser and Glasser, P.L.C.
600 Dominion Tower
999 Waterside Drive
Norfolk, Virginia 23510-3300

10

## DEFENDANTS LIST

GRIFFIN WHEEL CO., Subsidiary of Amsted Industries Incorporated
200 W. Monroe Street
Chicago, IL 60606
SERVE:   Secretary of the Commonwealth
         Post Office Box 1B
         Richmond, VA

OWENS-CORNING FIBERGLAS CORPORATION
123 South Broad Street
Philadelphia, PA 19109
SERVE:   Edward R. Parker, Registered Agent
         5511 Staples Mill Road
         Richmond, VA

AMERICAN STANDARD, INC., d/b/a WESTINGHOUSE AIR BRAKE CO.
1114 Avenue of the Americas
New York, New York
SERVE:   Secretary of the Commonwealth
         Post Office Box 1B
         Richmond VA

Glasser and Glasser, P.L.C.
600 Dominion Tower
999 Waterside Drive
Norfolk, Virginia 23510-3300

## SCHEDULE I

Plaintiff-Worker Employment History
Asbestos Exposure Worksite Information

| EMPLOYER/WORKSITE | TRADE | APPROXIMATE DATES |
|---|---|---|
| CSX Transportation, Inc. Brunswick, MD | locomotive shop laborer/fire knocker | 1/1942 to 2/1944 |
|  | brakeman | 4/1946 to 3/1948 |
|  | carman helper asst. foreman | 6/1951 to 7/1989 |
| United States Navy | Seaman | 3/1944 to 7/1944 |
| United States Army | Signal Corp | 3/1945 to 4/1946 |
|  |  | 4/1948 to 5/1951 |

RELATED ASBESTOS LITIGATION:

FELA case pending against former employer

SMOKING HISTORY:

Smoked 1 pipe of Prince Albert brand tobacco from 1952 to the present.

PLAINTIFF-WORKER WORKED WITH AND/OR AROUND THE FOLLOWING ASBESTOS-CONTAINING PRODUCTS:

Block
Pipecovering
Cement
Gaskets and Packing
Cloth
Dust
Wall Covering
Brakeshoes and Friction Products
Insulation

DEPENDENTS:

12

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Civil Action Complaint was served by U.S. Mail, first class postage prepaid, on:

Gene Locks, Esq., Plaintiffs' Liaison Counsel
Greitzer & Locks
1500 Walnut Street
Philadelphia, Pennsylvania 19102

Robert N. Spinelli, Esq., Defendants' Liaison Counsel
Kelly, Jasons, McGuire & Spinelli
1234 Market Street
Philadelphia, Pennsylvania 19107

on this 9TH day of JANUARY, 1995.

Of Counsel

Glasser and Glasser, P.L.C.
600 Dominion Tower
999 Waterside Drive
Norfolk, Virginia 23510-3300

13