Westlaw

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 3227584 (E.D.Mich.)
(Cite as: 2007 WL 3227584 (E.D.Mich.))

Page 1

C
Only the Westlaw citation is currently available.
United States District Court, E.D. Michigan, Southern Division.
Armid CRABBE, Plaintiff,
v.
CONSOLIDATED RAIL CORPORATION and Norfolk Southern Railway Company, Defendants.
No. 06-12622.

Nov. 1, 2007.

Arvin J. Pearlman, Elaine L. Livingway, Pearlman & Pianin, Southfield, MI, Charles Richard Cranwell, Cranwell, Moore, Roanoke, VA, for Plaintiff.
Joseph J. McDonnell, Durkin, McDonnell, Detroit, MI, for Defendants.

*OPINION AND ORDER GRANTING DEFENDANT CONSOLIDATED RAIL CORPORATION'S MOTION FOR SUMMARY JUDGMENT*

PATRICK J. DUGGAN, United States District Judge.

*1 On June 14, 2006, Armid Crabbe ("Plaintiff"), a former car inspector working in Consolidated Rail Corporation's [FN1] ("Defendant") railyard, brought this lawsuit pursuant to the Federal Employer's Liability Act ("FELA"), 45 U.S.C. §§ 51-60, after allegedly incurring job-related injuries. Plaintiff claims that Defendant "negligently failed to provide him with a safe place to work by requiring him to perform his railcar inspection duties in Defendant's rail yards while walking on improper or oversized 'ballast' [FN2] which ultimately led to a serious hip injury."(Pl.'s Resp. Br. at 1.) Presently before this Court is Defendant's Motion for Summary Judgment. In its motion, Defendant's sole argument is that Plaintiff's FELA claim is precluded by the Federal Railway Safety Act ("FRSA") and the regulations promulgated thereunder. Defendant's motion has been fully briefed, and on October 11, 2007, the Court held a hearing on Defendant's motion.

FN1. On August 15, 2007, the parties stipulated to the dismissal of Norfolk Southern Railway Company. (Doc. No. 13.)

FN2. "Ballast is a selected, crushed and grated aggregate material used upon the railroad roadbed for the purpose of providing support for rail and ties; drainage, stability and uniform distribution of loading from rolling stock."(Mr. Raymond A. Duffany's Engineering Report of Expert Opinion ("Pl.'s Expert") § 2.2 (attached as Exhibit 3 to Dft.'s Mot.).)

**I. Standard of Review**

Defendant is moving for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, which provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."FED. R. CIV. P. 56(c).

**II. Applicable Law and Analysis**

As stated above, one of Plaintiff's FELA negligence claim alleges that Defendant failed to provide Plaintiff a safe place to work by requiring him to perform his duties as car inspector on improperly sized ballast. FELA is a general negligence statute that "provides the exclusive remedy for a railroad employee injured as a result of his employer's negligence." *Lane v. R.A. Sims, Jr., Inc.,* 241 F.3d 439, 442 (5th Cir.2001); *accord Wabash R.R. Co. v. Hayes,* 234 U.S. 86, 89, 34 S.Ct. 729, 729, 58 L.Ed. 1226 (1914)."To prevail on a FELA claim, a plaintiff must 'prove the traditional common law elements of negligence: duty, breach, foreseeabil-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

EXHIBIT
10

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2007 WL 3227584 (E.D.Mich.)  
(Cite as: 2007 WL 3227584 (E.D.Mich.))

Page 2

ity, and causation." *Adams v. CSX Transp., Inc.,* 899 F.2d 536, 539 (6th Cir.1991) (quoting *Robert v. Consol. Rail Corp.,* 832 F.2d 3, 6 (6th Cir.1987)).

In its motion, Defendant contends that Plaintiff's FELA claim is precluded by the FRSA and the regulations promulgated thereunder. The FRSA was enacted in 1970 with the purpose of promoting "safety in every area of railroad operations and reduc[ing] railroad-related accidents and incidents."49 U.S.C. § 20101. Moreover, the FRSA contains an express preemption provision and provides that "[l]aws, regulations, and orders related to railroad safety ... shall be nationally uniform to the extent practicable."[FN3]*See id.* § 20106(a)(1). The FRSA grants the Secretary of Transportation the authority to "prescribe regulations and issue orders for every area of railroad safety supplementing laws and regulations in effect [at the time of the FRSA's enactment]."*Id.* § 20103(a). Pursuant to this directive, the Secretary, acting through the Federal Railroad Administration ("FRA"), has promulgated regulations under the FRSA covering track safety standards. *See generally*49 C.F.R. pt. 213. These regulations "prescribe[ ] minimum safety requirements for railroad track that is part of the general railroad system of transportation."49 C.F.R. § 213.1. More specifically, the FRA has issued the following regulation:

> FN3. The FRSA's express preemption provision provides:
>
> A state may adopt or continue in force a law, regulation, or order related to railroad safety or security until the Secretary of Transportation ... prescribes a regulation or issues an order covering the subject matter of the State requirement. A State may adopt or continue in force an additional or more stringent law, regulation or order related to railroad safety or security when the law, regulation, or order-
>
> (1) is necessary to eliminate or reduce an essentially local safety or security haz- ard;
>
> (2) is not incompatible with a law, regulation, or order of the United States Government; and
>
> (3) does not unreasonably burden interstate commerce.
>
> 49 U.S.C. § 20106(a)(2).

*2 § 213.103 Ballast; general.

Unless it is otherwise structurally supported, all track shall be supported by material which will-

(a) Transmit and distribute the load of the track and railroad rolling equipment to the subgrade;

(b) Restrain the track laterally, longitudinally, and vertically under dynamic loads imposed by railroad rolling equipment and thermal stress exerted by the rails;

(c) Provide adequate drainage for the track; and

(d) Maintain proper track crosslevel, surface, and alinement.

49 C.F.R. § 213.103. In the case at bar, Plaintiff does not contend (and seems to concede) that the ballast he claims was improper or oversized was nevertheless in compliance with 49 C.F.R. § 213.103.[FN4]Defendant argues that the "regulations do not require any particular size of ballast or mandate how the areas between tracks are to be groomed. As a result, any claims in this regard are preempted or precluded."(Dft.'s Br. at 8.) In so arguing, Defendant relies on several cases.

> FN4. Plaintiff's expert, Raymond A. Duffany, opines that, *inter alia,*"Defendant[ ] knew or should have known that the ballast utilized in a majority of the walkway areas where Plaintiff performed his duties as car inspector over

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 3227584 (E.D.Mich.)
(Cite as: 2007 WL 3227584 (E.D.Mich.))

Page 3

a significant period of his career was of improper size and gradation."(Pl.'s Expert Rep. at 22.) Nonetheless, Mr. Duffany states that "[t]he FRA does not regulate the size, type and gradation of ballast to be used. These items are left to the discretion of each railroad."(Id. at 10, 635 S.E.2d 179 .) Furthermore, Defendant proffers the affidavit of Rodney J. Lappin, "the Terminal Superintendent of Track for [Defendant]." (Dft.'s Mot. Ex. 7, Lappin Aff. ¶ 2.) Mr. Lappin states: "The ballast utilized by [Defendant] on the tracks, including areas between the tracks where employees are sometimes required to walk, complies with the requirements of 49 C.F.R. § 213.103...." (Id. ¶ 7, 635 S.E.2d 179.)

Defendant first relies on two separate Supreme Court cases interpreting the express preemption provision of the FRSA. In *CSX Transp., Inc. v. Easterwood*, the plaintiff brought a wrongful death suit under state law claiming that the railroad was negligent "for failing to maintain adequate warning devices at the crossing and for operating the train at an excessive speed." 507 U.S. 658, 661, 113 S.Ct. 1732, 1736, 123 L.Ed.2d 387 (1993). Before addressing whether the plaintiff's claim was preempted pursuant to what is now 49 U.S.C. § 20106(a)(2), the Supreme Court stated that there is a presumption against preemption when "a court [is] interpreting a federal statute pertaining to a subject traditionally governed by state law." *Id.* at 664, 113 S.Ct. at 1737.

> To prevail on the claim that the regulations have pre-emptive effect, [a party] must establish more than that they 'touch upon' or 'relate to' that subject matter, for 'covering' is a more restrictive term which indicates that pre-emption will lie only if the federal regulations substantially subsume the subject matter of the relevant state law.

*Id.* at 664,113 S.Ct. 1738 (internal citations omitted). Against this backdrop, the Supreme Court held that the regulation issued pursuant to the FRSA that relates to the "maximum allowable operating speeds for all freight and passenger trains for each class of track on which they travel,"*id.* at 673, 113 S.Ct. at 1741,"cover[s] the subject matter of train speed," *id.* at 675, 113 S.Ct. at 1743, and thus, it preempted the plaintiff's "negligence action only insofar as it asserts that [the railroad's] train was traveling at an excessive speed." *Id.*, 113 S.Ct. at 1743-44. Seven years later in *Norfolk S. Ry. Co. v. Shanklin*, the Supreme Court confronted a similar issue as that decided in *Easterwood*, and after employing the preemption analysis set forth in *Easterwood*, it concluded that a wrongful death action alleging that the railroad was negligent in failing to maintain adequate warning devices at a railroad crossing was preempted based on regulations issued pursuant to the FRSA. 529 U.S. 344, 358, 120 S.Ct. 1467, 1477, 146 L.Ed.2d 374 (2000).

*3 While *Easterwood* and *Shanklin* involved preemption of state law, the Seventh Circuit has extended the reasoning of these cases to an action brought pursuant to FELA. In *Waymire v. Norfolk & W. Ry. Co.*, a panel of the Seventh Circuit addressed the following issue: "whether a railroad company can be held liable in a FELA negligence action claiming unsafe speed and inadequate warning devices when the complained of conduct complies with the conduct mandated by FRSA and its regulations." 218 F.3d 773, 775 (2000). The Seventh Circuit held that a railroad company could not be liable under such circumstances and stated:

> To treat cases brought under federal law differently from cases brought under state law would defeat FRSA's goal of uniformity. It would deny recovery to the motorist struck by the train, but not to the engineer operating the train. We do not believe that is the result envisioned by the statute or by the Supreme Court's decisions. To the extent that FELA, then, is inconsistent with FRSA on the issues of train speed and warning devices at grade crossings, we hold that FRSA supersedes FELA.

*Id.* at 777.In *Lane v. R.A. Sims, Jr., Inc.*, 241 F.3d

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 3227584 (E.D.Mich.)
(Cite as: 2007 WL 3227584 (E.D.Mich.))

Page 4

439 (5th Cir.2001), the Fifth Circuit took the Seventh Circuit's lead in holding that a railroad employee's FELA negligence action alleging a train was traveling at an excessive speed could not be maintained because "allowing juries in FELA cases to find negligence based on excessive speed, even though it did not exceed that set by the FRSA regulations, would further undermine uniformity, because it would result in the establishment, through such verdicts, of varying, uncertain speed limits at different crossings, as well as different speed limits at the same crossing, depending on the time of day, traffic conditions, and other variables." *Id.* at 443-44.

Two Judges in the Eastern District of Michigan have applied *Waymire* to railroad employees' FELA negligence claims alleging an occupational injury based on improper or oversized ballast. In *Nickels v. Grand Trunk W. Railroad, Inc.,* 06-11846 (E.D.Mich. May 30, 2007), Judge Robert H. Cleland addressed whether the defendant's compliance with the FRA's ballast regulation, 49 C.F.R. § 213.103, precluded the plaintiff's FELA negligence claim. *Id.* at 2. Judge Cleland rejected the plaintiff's argument that the ballast regulations merely covered railroad safety, as opposed to railroad worker safety, because concluding otherwise would "undermine FRSA's express interest in national uniformity."*Id.* at 5. Moreover, the District Court in *Nickels* concluded that "[t]he ballast requirements substantially subsume the subject matter of Plaintiff's theory of recovery."*Id.* In an earlier case, Judge Marianne O. Battani granted summary judgment to the defendant railroad company holding that the FRSA ballast regulation precluded the plaintiff's FELA claim alleging that the defendant was negligent in its choice of ballast. *Ferra v. Canadian Nat'l/Illinois Central Railroad,* 05-72721 (E.D.Mich. May 4, 2007).

*4 Defendant also relies heavily on *Norris v. Cent. of Ga. R.R. Co. .,* 280 Ga.App. 792, 635 S.E.2d 179 (Ga.Ct.App.2006). Like the courts in *Ferra* and *Nickels*, the court in *Norris* was confronted with the question of whether the FRSA's ballast regulations precluded the plaintiff's FELA claim alleging that the defendant "was negligent for not using smaller ballast rock." *Id.* at 181.Concluding that the plaintiff's FELA claim was precluded, the *Norris* court reasoned that allowing the plaintiff's claim to proceed would undermine the FRSA's "goal of uniform, federal railroad regulation." *Id.* at 183.

In the case at bar, Plaintiff contends that Defendant was negligent for using improper or oversized ballast in Defendant's rail yards causing Plaintiff, after years of tranversing the oversized ballast in performing his duties as a railcar inspector, to suffer an injury to his left hip. For the same reasons the courts in *Nickels, Ferra,* and *Norris* rejected such claims, this Court rejects Plaintiff's claim here and concludes that Plaintiff's FELA negligence claim is precluded by the FRA's ballast regulation. As stated by the court in *Nickels:*

> The ballast requirements substantially subsume the subject matter of Plaintiff's theory of recovery. While the regulations offer no specific metric for the size, mixture or looseness of the ballast, they do ordain particular purposes that the ballast must serve. As a consequence, the regulations mandate a limited universe of material that is suitable for the listed purposes.

*Nickels,* at 5. Moreover, because the ballast requirements substantially subsume the subject matter of Plaintiff's theory of recovery, allowing Plaintiff to proceed with this FELA claim alleging that Defendant was negligent in its use of improper or oversized ballast would impose a duty greater than that of complying with the ballast regulation. Finally, the FRSA's goal of national uniformity could not be achieved "by a broad reading of FELA that would lead to different results depending on the vagaries of location and other variables posed by individual FELA claims."[FN5] *Id.* at 6, 635 S.E.2d 179. Therefore, the Court concludes that to the extent that Plaintiff's FELA claim rests upon Defendant's use of improper or oversized ballast, such a claim is precluded.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 3227584 (E.D.Mich.)
(Cite as: 2007 WL 3227584 (E.D.Mich.))

Page 5

FN5. For example, if this Court were to agree with Plaintiff that the ballast as used by the railroad in this case may create an unsafe working condition and therefore allow the jury to decide, as a matter of fact, whether or not Defendant created an unsafe working condition, then another jury in another case considering the same facts, i.e., the exact same ballast used in the exact same manner, could reach a conclusion exactly opposite that of the first jury. In other words, leaving it to each court or jury to determine whether the use of a particular ballast creates an unsafe working condition could very likely result in a lack of national uniformity.

In his response brief, Plaintiff asserts several reasons why he should be able to maintain his claim that Defendant was negligent under FELA for using improper or oversized ballast. All of Plaintiff's asserted reasons are unavailing. First, Plaintiff argues that the August 13, 2007 amendment of 49 U.S.C. § 20106 is plain and unambiguous evidence of Congress' "intent that no state cause of action involving federal regulations is preempted even if they 'cover the same subject matter,' so too, the same reasoning should apply to federal causes of action including the FELA case asserted by Plaintiff ...." (Pl.'s Resp. at 13.) On August 13, 2007, the FRSA was amended to add the following subsection:

*5 (b) Clarification regarding State law causes of action.

(1) Nothing in this section shall be construed to preempt an action under State law seeking damages for personal injury, death, or property damage alleging a party-

(A) has *failed to comply* with the Federal standard of care established by a regulation or order issued by the Secretary of Transportation ... covering the subject matter as provided in subsection (a) of this section;

(B) has *failed to comply* with its own plan, rule or standard that it created pursuant to a regulation or order issued by [the] Secretar[y]; or

(C) has *failed to comply* with a State law, regulation, or order that is not incompatible with subsection (a)(2).

(2) This subsection shall apply to all pending State law causes of action arising from events or activities on or after January 18, 2002.

49 U.S.C. § 20106(b) (emphasis added). As Defendant asserts, this subsection (b) was enacted to "rectify" the Federal court decisions in *Mehl v. Canadian Pac. Ry. Ltd.*, 417 F.Supp.2d 1104 (D.N.D.2006) and *Lundeen v. Canadian Pac. Ry. Co.*, 447 F.3d 606 (8th Cir.2006).*See*H.R. Conf. Rep. No. 110-259, Vol. 153, No. 120 Cong. Rec. H8589-H8590 (daily ed. July 25, 2007) (attached as Ex. 8 to Dft.'s Rep. Br.). In both *Mehl* and *Lundeen*, the courts held that the plaintiffs' state law negligence claims alleging that the defendant railroad failed to comply with federal regulations were preempted pursuant to the FRSA. *See Mehl*, 417 F.Supp.2d at 1112-21; *Lundeen*, 447 F.3d at 611. In the case at bar, Plaintiff is not alleging that Defendant *failed to comply* with a federal regulation. Consequently, this Court does not believe that 49 U.S.C. § 20106(b) applies to this case.

Second, Plaintiff contends that "[t]he *lack* of an 'express pre-emption clause' in § 20106 with respect to *federal* causes of action 'contains the best evidence' of Congress' *lack* of pre-emptive intent with respect to any federal causes of action brought pursuant to the FELA."(Pl.'s Resp. Br. at 14 (emphasis in original).) Whatever can be gleaned from Congress' silence on the preclusion of a federal cause of action, it is clear to this Court that in enacting the FRSA Congress expressly sought to create national uniformity in the regulation of railroads to promote safety. *See*49 U.S.C. § 20106(a)(1). As the Court concluded above, allowing Plaintiff to proceed with a FELA claim alleging that Defendant was negligent in its choice of ballast would under-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 3227584 (E.D.Mich.)
(Cite as: 2007 WL 3227584 (E.D.Mich.))

Page 6

mine the FRSA's goal of national uniformity.

Third, Plaintiff argues that *Tyrell v. Norfolk S. Railway Co.*, 248 F.3d 517 (6th Cir.2001) should lead this Court to conclude that the ballast regulations do not substantially subsume Plaintiff's FELA cause of action. In *Tyrell*, the Sixth Circuit addressed the issue of whether Ohio's track center standards were preempted by the Interstate Commerce Commission Termination Act (ICCTA) or the FRSA. *Id.* at 521.The Sixth Circuit concluded that Ohio's track safety standards addressed a safety issue; thus, preemption is governed by the FRSA not the ICCTA. *Id.* at 524.Ultimately, the court in *Tyrell* concluded that "no FRA regulation or action covers the subject matter of minimum track clearance ...."*Id.* at 525.Unlike the situation in *Tyrell* where the FRA did not issue any regulations pertaining to track clearances, *see id.*, in this case, the FRA has issued a regulation pertaining to ballast. Consequently, as Defendant contends, *Tyrell* is distinguishable from this case.

*6 Finally, Plaintiff cites cases from courts that have allowed FELA claims based on the defendant railroad employer's alleged negligent choice of ballast. *See, e.g., Grimes v. Norfolk S. Ry. Co.*, 116 F.Supp.2d 995, 998 (N.D.Ind.2000) (holding that the ballast "regulations are directed toward creating a safe roadbed for trains, not a safe walkway for railroad employees;" thus, a plaintiff's FELA claim for negligent choice of ballast was not precluded); *Elston v. Union Pac. R.R. Co.*, 74 P.3d 478 (Colo.Ct.App.2003) (same); *Miller v. CSX Transp., Inc.*, 159 Md.App. 123, 858 A.2d 1025 (Md.2004) (same). This Court, however, finds the reasoning of the courts in *Ferra, Nickels,* and *Norris* more persuasive.

### III. Remaining Claims

Although not mentioned in their response to Defendant's motion,[FN6] at the hearing, Plaintiff argued that even if his FELA claim alleging that Defendant was negligent in its use of improper or oversized ballast was precluded by the FRSA and the ballast regulation, viable FELA negligence claims would remain. More specifically, Plaintiff contended that the following allegations of negligence would remain:

> FN6. At the conclusion of its brief in support, Defendant requests "that plaintiff's claims against it be dismissed with prejudice."(Dft.'s Br. at 11.)

5. During the course of his employment with Defendants Plaintiff, Armid Crabbe, worked as a car inspector at Defendants' rail yards in Wayne County, Michigan, and during this time Plaintiff was required to continuously engage in job duties and walk on improperly sized ballast without being provided with adequate protection to the joints of his lower extremities. As a result of continually having to engage in these job duties and not being provided with proper and adequate and necessary protection, Plaintiff's physical condition deteriorated to a point to where he was forced to seek medical care and treatment to his left hip including a left hip replacement.

6. Defendants owed to Plaintiff, Armid Crabbe, under common law, applicable state standards and under the standards of applicable federal statutory law, including but not limited to 45 U.S.C. § 51 *et seq.*, the following duties:

...

C. To provide adequate and safe methods of work as to each task assigned to Plaintiff;

D. To give notice to or warn Plaintiff of the dangerous conditions in which he was sent out to work, including improperly sized ballast;

...

F. To inspect and investigate the premises upon which Plaintiff was required to work for danger-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2007 WL 3227584 (E.D.Mich.)  
**(Cite as: 2007 WL 3227584 (E.D.Mich.))**

Page 7

ous conditions, including improperly sized ballast in the areas where Plaintiff was required to work ....

7. Defendants breached the duties it owed to Plaintiff, Armid Crabbe, and were negligent in the premises in that they, among other things, failed to observe the standards of care with respect to the above-described duties as follows:

...

C. Failed to provide adequate and safe methods of work as to each task assigned to Plaintiff;

D. Failed to give notice to or warn Plaintiff of the dangerous conditions in which he was sent out to work, including improperly sized ballast;

...

*7 F. Failed to inspect and investigate the premises upon which Plaintiff was required to work for dangerous conditions, including improperly sized ballast in the areas where Plaintiff was required to work ....
(Compl. ¶¶ 5; 6C.-D., F.; 7C.-D., F.) Moreover, the Court's review of Plaintiff's deposition testimony also reveals that Plaintiff is asserting that his left hip injury was caused by the squatting, crawling, and climbing he was required to do while performing his duties as a car inspector. (Dft.'s Mot. Ex. 2, Pl.'s Deposition at 32, 122-23.) Because Defendant's only move for summary judgment on the basis that Plaintiff's FELA claim alleging negligence based on improper or oversized ballast is precluded by the FRSA and the ballast regulation, the Court's grant of summary judgment in Defendant's favor as to Plaintiff's FELA claim alleging improper or oversized ballast does not result in a dismissal of Plaintiff's Complaint.

Accordingly,

IT IS ORDERED that Defendant Consolidated Rail Corporation's Motion for Summary Judgment is **GRANTED** as to Plaintiff's FELA claim alleging improper or oversized ballast.

E.D.Mich.,2007.  
Crabbe v. Consolidated Rail Corp.  
Not Reported in F.Supp.2d, 2007 WL 3227584 (E.D.Mich.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.