UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | : | Civil Action No. MDL-875 |
|---|---|---|

| Plaintiffs On Exhibit 1 | : |
|---|---|
| v. | : |
| Griffin Wheel Company, *et al.* | : |

### PLAINTIFFS' MOTION TO COMPEL

The Plaintiffs, by Counsel, move this Court for an Order compelling the Defendant, Griffin Wheel Company, to answer Plaintiffs' Interrogatories and Requests for Production that were filed in 2003. The Plaintiffs further move this Court for an Order denying Defendant's Motion for Summary Judgment until the parties have had an opportunity to conduct meaningful discovery in these cases. In support of this Motion, the Plaintiffs represent the following:

1. On March 26, 2010, Defendant Griffin Wheel Company filed a Motion for Summary Judgment arguing the Plaintiffs' claims are barred by the Locomotive Boiler Inspection Act, 49 U.S.C. Sec. 20701 and the Safety Appliance Act, 49 U.S.C. Sec. 20301.

2. In 2003, the Defendant filed a substantially similar motion in the MDL 875, however, the Court, at that time agreed that additional discovery was needed before it could rule on the Defendant's motion. As a result of the Court's ruling in 2003, the Plaintiffs filed discovery requests at that time on the Defendant (attached as Exhibit A).

3. To date, the Defendant has refused to answer the Plaintiffs' discovery. Plaintiffs' counsel again requested the Defendant to answer this discovery last week. (See Letter from Plaintiffs' Counsel dated April 9, 2010, attached as Exhibit B). The Defendant again summarily

dismissed its obligation to respond to Plaintiffs' discovery indicating "the information being requested is irrelevant to the legal issue raised in its Motion for Summary Judgment". (See Letter from Counsel for Defendant dated April 12, 2010, attached as Exhibit C).

As this Court is very aware, the standard of review for granting a Motion for Summary Judgment under Rule 56 is that there are no genuine issues as to any material fact in the case. The Plaintiffs believe there are issues as to material facts in this case and need to conduct discovery on the Defendant in order to prove these issues exist. Specifically, the Defendant cites in its brief many references to Federal Regulations regarding materials to be used on railroad locomotives and cars. However, all of the Regulations cited by the defendant pertain to the performance of the materials, not the composition of the materials. The Plaintiffs' limited discovery is on this very issue – ie: What federal regulation is the Defendant relying upon that specifically required the defendant to use asbestos in its brakeshoes? The Defendant has had seven years to answer this discovery. The Plaintiffs believe that conducting discovery on the Defendant will allow the Plaintiffs to prove to this Court that there are many genuine issues as to the material facts in this case and the Defendant's Motion for Summary Judgment should be denied.

Wherefore, the Plaintiffs' respectfully request that this Court enter an Order compelling the Defendant, Griffin Wheel Company, to answer Plaintiffs' Interrogatories and Requests for Production that were filed in 2003. The Plaintiffs further request this Court to enter an Order denying Defendant's Motion for Summary Judgment until the parties have had an opportunity to conduct meaningful discovery in these cases.

Respectfully Submitted

By: /s/ Kip A. Harbison

Kip A. Harbison, Esquire
GLASSER & GLASSER, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically transmitted to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to counsel for Defendant Griffin Wheel Company, Larry D. Ottaway on this ___16th___ day of ___April___, 2010.

/s/Kip A. Harbison

Kip A. Harbison, Esquire