IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | ) ) ) ) | CIVIL ACTION NO. MDL 875 |
| This Document Relates To: ALL FELA ACTIONS | ) ) | |

**RESPONSE OF DEFENDANT GRIFFIN WHEEL COMPANY
TO PLAINTIFFS' THIRD MOTION TO COMPEL**

Defendant, Griffin Wheel Company ("GWC"), for its response to Plaintiff's Third Motion to Compel [Doc. 7323], hereby restates, adopts, and incorporates by reference GWC's response to Plaintiffs' Second Motion to Compel filed on April 21, 2010, ("GWC Response") [Doc. 7152].

Seven (7) years ago Plaintiffs first sought to compel GWC to respond to discovery. GWC's position, then as it is now, was that the requested discovery was irrelevant to the issues raised in GWC's federal preemption summary judgment motion and that Plaintiff had failed to make the requisite showing supporting a continuance of the summary judgment motion in order to allow discovery to be conducted. [See, Doc. 7152; and Exhibits 1-16 attached to Doc. 7152]. This Court considered the matter, including the proposed discovery, agreed with GWC, did not allow Plaintiffs to serve the discovery, and did not compel responses.

When earlier this year GWC refiled its federal preemption summary judgment motion [Doc. 7081] as allowed by Administrative Order No. 11, Plaintiffs filed a second motion to compel GWC to respond to discovery (which they at that time claimed had been served in 2003) and for a continuance of the summary judgment motion. [Doc. 7145]. GWC timely responded to that motion on April 21, 2010. [Doc. 7152]. Like GWC's summary judgment motion, Plaintiffs' Second Motion to Compel has never been ruled on and remains pending.

Two days later, on April 23, 2010, despite having been disallowed to do so by this Court years ago, Plaintiffs served interrogatories and request for production on GWC. GWC served Plaintiffs with objections to those discovery requests on all the grounds set forth in its prior response to the Second Motion to Compel. [Doc. 7152].

Plaintiffs have now filed their third Motion to Compel. [Doc. 7323]. It raises no new issues and makes no new arguments. GWC's position remains the same:

- The requested discovery is irrelevant. GWC's pending summary judgment motion presents a pure threshold question of law. See, Euster v. Eagle Downs Racing Ass'n. 677 F.2d 997 (3d Cir. 1982).

- The requested discovery addresses whether asbestos in brake shoes has been regulated. But, as the U.S. Supreme Court holds, whether or not there are such regulations is of no consequence in field preemption analysis. See, Napier v. Atlantic Coast Line R.R. Co., 272 U.S. 605, 613 (1926).

- There is no presumption against preemption or assumption of non-preemption application to field preemption analysis. See, U.S. v. Locke, 529 U.S. 89 (2000).

- This Court years ago considered these issues, agreed with GWC's position, and did not allow the subject discovery to be served. [See, Doc. 7152 and its exhibits].

- Plaintiffs have failed entirely to carry their burden justifying a continuance of GWC's summary judgment motion. See, Dowling v. City of Philadelphia, 855 F.2d 136, 139-140 (3d Cir. 1988); St. Surin v. Virginia Islands Daily News, Inc., 21 F.3d 1309 (3d Cir. 1994); Bradley v. U.S. 299 F.3d 197, 207 (3d Cir. 2002).

Accordingly, based on the above arguments and authorities, and on the arguments and authorities in the responses to Plaintiff's prior motions to compel [See, Doc. 7152], Plaintiffs' Third Motion to Compel should be denied.

                            FOLIART, HUFF, OTTAWAY & BOTTOM


                            By  *S/Larry D. Ottaway*
                            Larry D. Ottaway, Oklahoma Bar No. 6816
                            Monty B. Bottom, Oklahoma Bar No. 987
                            210 Robert S. Kerr Avenue, 12th Floor
                            Oklahoma City, Oklahoma 73102
                            Telephone: (405) 232-4633
                            Facsimile: (405) 232-3462

                            ATTORNEYS FOR DEFENDANT
                            GRIFFIN WHEEL COMPANY

## **CERTIFICATE OF SERVICE**

       This is to certify that on this 21st day of June, 2010, a true and correct copy of the foregoing instrument was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the proper ECF registrants. In addition, the foregoing instrument was also mailed to the following:

Kip A. Harbison
Glasser & Glasser, P.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, VA  23510
Telephone: 757/625-6787


                            *S/Larry D. Ottaway*
                            Larry D. Ottaway / Monty B. Bottom