# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re: ASBESTOS PRODUCTS  :
LIABILITY LITIGATION (No. VI) :  Civil Action No:
          :    MDL 875
This Memorandum and Order refers only :
to the cases involving The Cascino :
Vaughan Law Offices referred to  :
Judge Strawbridge      :

## EXPLANATION AND ORDER

DAVID R. STRAWBRIDGE         AUGUST 17, 2011
United States Magistrate Judge

   The Court has before it Plaintiff's two-page "Petition for Rule to Show Cause Against Various Defendants and Their Attorneys" (hereinafter "Petition") seeking the entry of an order "requiring defendants' attorneys to show cause for not being held in contempt of court."  Plaintiff also asks the Court to "award costs, attorney's fees and any other relief that this Court deems equitable."  The Petition was not filed.  Rather, plaintiff's counsel submitted it to the Court through our law clerks and Chambers e-mail accounts on July 20, 2011.  Counsel apparently felt that it would be inappropriate to have the Petition filed because of a concern about confidentiality.  Plaintiffs did not seek leave to file the Petition under seal under pursuant to E.D. Pa. Loc. R. Civ. Pro. 5.1.5.

   Counsel for certain defendants[1] have filed their response and the Court is now prepared to enter its order, with explanation, as set out within.

---

   [1]Defendants' (or Respondents here) counsel have been identified in the Petition as General Electric Co. and its counsels Walter G. Watkins, Jr., Thomas W. Tardy III, David M. Setter, Daniel J. Mulholland and John M. Seebohm of Forman, Perry, Watkins, Krutz & Tardy; CBS Corp. and its counsel G. Michael Evert, Jr. and Richard M. Lauth of Evert Weathersby Hoff; Owens Illinois and its counsel Robert H. Riley and Edward Casmore of SchiffHardin; Union Carbide Corp. and Bayer Crop Sciences, Inc. and counsel Robert Spinelli of Kelley, Jasons, McGowan, Spinelli & Hanna; and Georgia-Pacific LLC and its counsel Michael W. Drumke of HeplerBroom LLC.

1.    **FACTS**

On May 4, 2009, Judge Eduardo C. Robreno referred over 5,000 MDL-875 cases in which plaintiffs were represented by the Cascino Vaughan Law Offices ("CVLO") to Senior Judge Lowell A. Reed, Jr. as Court Annexed Mediator.  That mediation effort resulted in the resolution of over 3,000 of those cases prior to Judge Reed's retirement in late April 2011.  On August 27, 2009, (and as amended on November 18, 2009), Judge Reed disseminated a policy on confidentiality which provided in part that:

> All documents produced, orders of the mediator and statements made at mediation and management conferences with the mediator as well as statements made and other documents issued to facilitate settlement shall be kept confidential and are not to be disclosed to any person or organization except consulting counsel, the parties, support staff personnel for the parties, expert consultants or other witnesses to be produced as part of mediation proceedings.  Fed.Rule of Evidence 408 shall apply.  Moreover, all parties, counsel, witnesses and support staff personnel for the parties herein are prohibited from entering, or submitting to another to enter, any confidential information described above, into or on the Internet, Worldwide Web or any website, blog, twitter, social network or similar location whether private or available to the public.  The same described persons are all prohibited from granting interviews, submitting any press release or similar statement for general circulation or industry publication, as well as, tv and radio personnel or outlets.  Rather all said persons will merely tell the inquirer that the matter is in mediation and is confidential at this time.

The policy further provided that:  "The foregoing rule is subject to change only upon order of the mediator or other legally authorized judicial officer or court."

On April 18, 2011, anticipating the retirement of Judge Reed, Judge Robreno referred the cases to this Court as Court Annexed Mediator.  On June 9, 2011, Judge Robreno modified the referral order and directed that this Court "conduct pretrial procedures, supervision of discovery,

settlement conferences, and preparation for trial."

During a June 23, 2011 status conference on these cases, this Court raised the issue of confidentiality with counsel in light of the necessity of the Court to move away from pure mediation to more standard case management by setting out scheduling orders, supervise discovery and assist the parties in preparation for trial. Specifically, the Court asked counsel: "So to the extent that, you know, obviously, we're doing things that are being filed and so forth now, which is what we're going to begin to do more and more of, I take it that [the] confidentiality question's not going to come into play then, right?" (01-MD-875 Doc. No. 7978, pg. 167). After discussion with counsel, the Court concluded that the general confidentiality policy would be lifted going forward, but that any documents that had been submitted as part of the mediation in the past would remain confidential. (Id., pgs. 167-68).

In preparation for the June 23, 2011 conference, this Court issued a June 3, 2011 letter order directing defense liaison counsel to submit to chambers by June 16, 2011 "any Daubert style objections." The Court anticipated receiving a short letter detailing the basic arguments that would be raised in future Daubert motions and an estimate of how many cases the defendants thought would be affected, or be rendered unsustainable by such motions. Instead, the Court received a document entitled "Certain Defendants' Motion for Leave for Discovery and Preliminary Daubert Objections to CVLO's Screened Cases with Reports By Drs. Schoenfeld, Sadek and Anderson by Healthscreen, Inc." ("Motion for Leave").[2] This motion was not filed. Several other defendants,

---

[2]This document, which was received in Chambers on June 16, 2011, has been referred to Plaintiffs' papers as "Daubert motion." We do not see it as such. Rather, it is as suggested by the title a motion asking leave to take discovery with respect to expected objections to expert opinions based upon Daubert considerations.

however, filed notices of joinder with the Clerk and one of those defendants, Ericsson, Inc., attached the Motion for Leave as an exhibit to its June 24, 2011 filing.

On July 6, 2011, *Mealey's Litigation Report: Asbestos* published an article entitled "Asbestos MDL Defendants: Litigation Screening at Heart of Law Firm's Cases."  This article contained information which Plaintiffs assert was "in defendants' Daubert pleadings in breach of the confidentiality order."  Plaintiffs further assert that "Since [they] did not disclose, the likely culprits are the defendants."  This Petition followed.

2.      **DISCUSSION**

Initially we note that Plaintiff's Petition has not been filed.  Ostensibly, Plaintiffs did not effectuate a filing because of a concern with respect to confidentiality.  Plaintiffs did not, however, act upon this concern by seeking permission of the Court to have the Petition filed under seal or by consulting with E.D. Pa. Loc. R. Civ. Pro. 5.1.5 which sets out the procedures by which sealed documents are to be handled.

We also observe that the Plaintiffs failed to comply with E.D. Pa. Loc. R. Civ. Pro. 7.1 in that their motion is not "accompanied by a form of order" as required; is not "accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon" as required; and is not "accompanied by a written statement as to the date and manner of service of the motion and accompanying brief" as also required.

Despite what would be a clear basis upon which this Court could reject the Petition without any hesitation given these blatant failures to comply with some of the most basic and fundamental procedures designed to facilitate the orderly progress of litigation, we choose rather to consider the question as it pertains to confidentiality on the merits in that we believe it necessary to

provide guidance to the parties given that there are more than 1,500 CVLO cases in the MDL which potentially could be affected. Thus, we turn to the merits.

Plaintiffs contend that because the Motion to Leave was submitted to chambers before the June 23, 2011 status conference where the Court declared that the general confidentiality policy would no longer be in effect going forward, the motion would be covered by the confidentiality provision. Plaintiffs then surmise that since they did not disclose the content of the submission to *Mealey's*, it must have been disclosed by these Respondents. The Respondents deny that this motion is or should be covered by the confidentiality order – and also point out that the likely basis of the *Mealey's* article was the filing of the joinder motion with the Motion to Leave attached by an unnamed defendant. Ericsson, Inc., who has not been named as a "culprit" by Plaintiffs, has filed its own response where they set out that it did, in fact, file the joinder attaching the Motion to Leave. We observe, however, that Plaintiffs seek no relief against Ericsson, so even if we were to conclude that there was some breach of confidentiality, which we do not, it is not necessary for us to consider any culpability on their part.

In order to prove contempt, Petitioner must demonstrate:  "(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." F.T.C. v. Lane Labs-USA, Inc., 624 F.3d 575, 582 (3d Cir. 2010) (internal citations and quotation marks omitted). The elements of contempt "must be proven by clear and convincing evidence, and ambiguities must be resolved in favor of the party charged with contempt." (Id.) (internal quotation marks omitted).

Factors one and two are not seriously in dispute here. Thus, the Court need only decide whether the defendants "disobeyed" the confidentiality policy. In considering the question,

5

we look to Plaintiffs' papers and observe that Plaintiffs argue only that:  (1) the motion was submitted before the June 23, 2011 status conference; (2) at the conference the Court declared that the confidentiality policy would only cover previous submissions; and (3) therefore, the motion was a confidential submission.  Plaintiffs do not allege any harm from the alleged breach.

While the language of Judge Reed's confidentiality policy is quite broad, it is clear from that language that it applies only in the mediation setting.  The policy specifically contemplates only documents that were "produced . . . at mediation and management conferences" and  "other documents issued to facilitate settlement."  The policy also provides that Fed. R. Evid. 408, which relates to compromises and offers to compromise, "shall apply".  The clear purpose of the policy was to protect the confidential nature of the mediation proceedings and to prohibit parties from disclosing settlement demands, offers, compromises, or other sensitive information developed or otherwise set out as part of the mediation process.  Fully acknowledging the importance of Fed. R. Evid. 408, Plaintiff's effort to seek a broader based application of the policy to discovery disputes or motions practice is unavailing.  Simply stated, the Motion for Leave is not properly the subject of the umbrella of confidentiality.

We remind Plaintiffs that it is the burden of the party seeking such protection to demonstrate that there is good cause.  *See Gelnmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).  They have failed to meet this burden.  Documents and filings will not be considered confidential unless such a showing is made considering the balance of private an d public interests concerned, including factors such as: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper one; (3) whether disclosure will cause a part embarrassment; (4) whether confidentiality is being sought over information

6

important to public health and safety; (5) whether the sharing of information will promote fairness and efficiency; (6) whether the case or document at issue involves matters of public importance. *See id.*  Further, counsel are directed to fully consider E.D. Pa. Loc. R. Civ. Pro. 5.1.5 to the extent they believe it is applicable and that a pleading should be filed with the Court under seal.

An appropriate Order follows.